UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LAW OFFICES OF H. JEFFREY MARCUS, P.C.,
individually and on behalf of M.V., Parent of R.V.;
D. M., Parent of S.N.; L.E., Parent of A.E.;
D.K., Parent of  Z.K.; and D.O., Parent of T.O.,

                                *Plaintiffs*

          -against-

New York City Department of Education

                                *Defendant*
_____

COMPLAINT

Case #17-CV-05067

    The Law Offices of H. Jeffrey Marcus, P.C., individually and on behalf of M.V., D.M., L.E., D.K., and D.O., all Parents of children with disabilities, for their complaint hereby allege:

    1.  This is an action brought pursuant to the fee shifting provisions of the Individuals with Disabilities Education Improvement Act (IDEA), 20 U.S.C. § 1415(i)(3).

    2.  At all times relevant to this action, the Parents and their children resided within the territorial jurisdiction of Defendant New York City Department of Education (the "DOE," or "Defendant").

    3.  Plaintiffs M.V., D.M., L.E., D.K., and D.O. are all parents of children with disabilities, as defined by IDEA, 20 U.S.C. § 1401(3)(A).

    4.  Defendant DOE is a local educational agency as defined by IDEA, 20 U.S.C. § 1401(15), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 et seq. and the regulations promulgated thereunder.

JURISDICTION AND VENUE

5. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

6. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

FACTUAL BACKGROUND AND EXHAUSTION OF ADMINISTRATIVE PROCESS

*M.V.  (Case No. 156553)*

7. By letter dated July 16, 2015, Plaintiff M.V. demanded a due process hearing on behalf of R.V. pursuant to 20 U.S.C. § 1415(f)(1).

8. Plaintiff M.V. sought to secure private school placement of her son R.V. through referral to the Central Based Support Team ("CBST"), along with compensatory services, reimbursement of expenses, and other relief, based on Defendant's failure to provide R.V. with a Free and Appropriate Public Education ("FAPE") for the 2014-2015 and the 2015-2016 school years, as required under the IDEA.

9. The District appointed impartial hearing officer ("IHO") John J. Naun.

10. The parties were unable to resolve the resolve the matter by settlement.

11. An impartial hearing was conducted. Testimony was taken on October 27, 2015 and January 4, 2016.

12. On February 23, 2016, following the close of the hearing and the submission of briefs, the IHO ruled in favor of the Parent, directing that R.V. be referred to the CBST to secure a private school placement, and awarding further relief.

13. Neither party appealed the decision of the IHO. Thus, the decision is final.

14. Plaintiff M.V. is a prevailing party by virtue of the IHO's decision.

*D.M.  (Case No. 156609)*

15.  By letter dated July 22, 2015, Plaintiff D.M. demanded a due process hearing on behalf of S.N. pursuant to 20 U.S.C. § 1415(f)(1).

16.  Plaintiff D.M. sought an order directing Defendant to provide compensatory tutoring services and funds for an independent neurological evaluation, among other relief, based on Defendant's failure to provide S.N. with a FAPE for a number of years going back to the 2013-2014 school year, as required under the IDEA.

17.  The District appointed IHO Israel Wahrman.

18.  The parties were unable to resolve the resolve the matter by settlement.

19.  An impartial hearing was conducted. Testimony was taken on October 19 and 30, and December 17, 2015, and on February 22, April 6, May 26, and June 21 and 30, 2016.

20.  On August 10, 2016, following the close of the hearing and the submission of briefs, the IHO ruled in favor of the Parent, directing that Defendant fund tutoring services and an independent neurological evaluation, and awarding further relief.

21.  Neither party appealed the decision of the IHO. Thus, the decision is final.

22.  Plaintiff D.M. is a prevailing party by virtue of the IHO's decision.

*L.E.  (Case No. 158323)*

23.  By letter dated October 7, 2015 (amended December 17, 2015), Plaintiff L.E. demanded a due process hearing on behalf of A.E. pursuant to 20 U.S.C. § 1415(f)(1).

24.  Plaintiff L.E. sought an order directing Defendant to provide compensatory education services, reimbursement for tutoring services and transportation, and other relief, based on Defendant's failure to provide A.E. with a FAPE for a number of years going back to the 2012-2013 school year, as required under the IDEA.

25.  The District appointed IHO Michael Lazan.

26.  The parties were unable to resolve the resolve the matter by settlement.

27.  An impartial hearing was conducted. Testimony was taken on March 28 and 29, 2016.

28. On June 9, 2016, following the close of the hearing and the submission of briefs, the IHO ruled in favor of the Parent, directing that Defendant fund tutoring services and transportation, and reimburse the Parent for tutoring services provided during the 2013-2014 school year, and awarding further relief.

29. Neither party appealed the decision of the IHO. Thus, the decision is final.

30. Plaintiff L.E. is a prevailing party by virtue of the IHO's decision.

*D.K.  (Case No. 158347)*

31. By letter dated October 13, 2015, Plaintiff D.K. demanded a due process hearing on behalf of Z.K. pursuant to 20 U.S.C. § 1415(f)(1).

32. Plaintiff D.K. sought reimbursement for the costs of tuition for the unilateral private placement of Z.K. at the Gersh Academy for the 2015-2016 school year, along with compensatory educational services, reimbursement for evaluative services, and other relief, based on Defendant's failure to provide Z.K. with a FAPE for the 2015-2016school year, as required under the IDEA.

33. The District appointed IHO Jeffrey Schiro.

34. The parties were unable to resolve the resolve the matter by settlement.

35. An impartial hearing was conducted. Testimony was taken on June 20, 2016.

36. On August 4, 2016, following the close of the hearing and the submission of briefs, the IHO ruled in favor of the Parent, directing that Defendant reimburse the Parent for all costs associated with Z.K.'s unilateral private placement at the Gersh Academy for the 2015-2016 school year, as well as for all costs associated with compensatory and evaluative services, and awarding further relief.

37. Neither party appealed the decision of the IHO. Thus, the decision is final.

38. Plaintiff D.K. is a prevailing party by virtue of the IHO's decision.

*D.O.  (Case No. 158708)*

39. By letter dated November 2, 2015, Plaintiff D.O. demanded a due process hearing on behalf of T.O. pursuant to 20 U.S.C. § 1415(f)(1).

40. Plaintiff D.O. sought an order directing Defendant to provide compensatory education services and other relief, based on Defendant's failure to provide T.O. with a FAPE for the 2014-2015 and 2015-2016 school years, as required under the IDEA.

41. The District appointed IHO Deborah Rebore.

42. The parties were unable to resolve the resolve the matter by settlement.

43. An impartial hearing was conducted. Testimony was taken on December 28, 2015 and February 1, 2016.

44. On March 3, 2016, following the close of the hearing and the submission of briefs, the IHO ruled in favor of the Parent, directing that Defendant convene a Committee of Special Education ("CSE") meeting to develop a 2015/16 IESP for T.O., and to provide and fund compensatory education services, and awarding further relief.

45. Neither party appealed the decision of the IHO. Thus, the decision is final.

46. Plaintiff D.O. is a prevailing party by virtue of the IHO's decision.

FIRST CAUSE OF ACTION

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if more fully set forth herein.

48. Plaintiffs M.V., D.M., L.E., D.K., and D.O. have assigned to Plaintiff Law Offices of H. Jeffrey Marcus, P.C., the right to attorney fees that arises from having prevailed in the administrative proceedings described above.

49. Plaintiff Law Offices of H. Jeffrey Marcus, P.C., has submitted to the District a request for payment for services rendered on each of the administrative proceedings described above ("attorney fee claims").

50. Plaintiff Law Offices of H. Jeffrey Marcus, P.C., has attempted, without success, to resolve the attorney fee claims.

51. Plaintiff Law Offices of H. Jeffrey Marcus, P.C. hereby demands reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

52. Defendant having not satisfied its obligation to pay attorney fees in a timely fashion, Plaintiffs demand prejudgment interest.

SECOND CAUSE OF ACTION

53. Plaintiff repeats and realleges paragraphs 1 through 52 as if more fully set forth herein.

54. Plaintiff Law Offices of H. Jeffrey Marcus, P.C. hereby demands reasonable attorney fees and expenses for services rendered on this action.

WHEREFORE , plaintiffs respectfully request that this Court:

(1)  Assume jurisdiction over this action;

(2)  Award to the plaintiff Law Offices of H. Jeffrey Marcus, P.C. costs, expenses and attorneys' fees together with prejudgment interest for the administrative proceedings described above, pursuant to 20 U.S.C. 1415;

(3)  Award to the plaintiff Law Offices of H. Jeffrey Marcus, P.C. the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415; and

(4)  Grant such other and further relief as the Court deems just and proper.

Dated:   July 8, 2017
         Williamsville, New York

Yours, etc.

S/H. Jeffrey Marcus

H. JEFFREY MARCUS, Esq.,
bar roll #hm3833
LAW OFFICES OF H. JEFFREY MARCUS, P.C.
*Attorneys for Plaintiffs*
19 Limestone Dr., Suite 3
Williamsville, New York 14221
(716)634-2753
specialedlaw@mac.com